IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Timothy Leon Charley, ) | |
| ) | C/A No. 5:16-cv-03901-BHH-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Rene Williams, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      The plaintiff, proceeding *pro se* and *informa pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The plaintiff is an inmate in the South Carolina Department of Corrections incarcerated at the Trenton Correctional Institution. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

      The plaintiff's § 1983 claim concerns an arrest from 2004 by the Orangeburg County Police Department (doc. 1 at 1–2). The plaintiff states that on June 18, 2004, the defendant arrested him for robbery (*id*. at 3). The plaintiff argues that there was not probable cause to arrest him; he asserts that the defendant knowingly provided false information to the judge in order to secure an arrest warrant (*id*.). The plaintiff contends that the evidence shows that there was insufficient probable cause for the arrest warrant (*id*.). The plaintiff seeks to have the defendant brought to justice for maliciously prosecuting the plaintiff; $4,992,000 for pain and suffering and in punitive damages; an apology; and any other relief the court deems proper (*id.* at 5).

**DISCUSSION**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The plaintiff's claims for damages for constitutional violations, false arrest, false imprisonment, and malicious prosecution are subject to dismissal pursuant to the Supreme Court's ruling in *Heck v. Humphrey*, which held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged. 512 U.S. 477, 490 (1994); *see Edwards v. Balisock*, 520 U.S. 641, 647–48 (1997) (holding that the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgment). The Supreme Court held that

> "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."

*Id.*, 512 U.S. at 486–87.

2

Here, the plaintiff is attempting to attack the validity of his conviction; however, he has not shown that his conviction has been overturned or otherwise impugned. A favorable determination on the merits of the plaintiff's § 1983 claims would require a finding that his detention is invalid; accordingly, his claims are barred under *Heck* and subject to summary dismissal.

Further, the plaintiff cannot have this Court prosecute criminal charges against the defendant, as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. "[T]he decision whether or not to prosecute, and what charge to file or bring . . . , generally rests entirely [within the prosecutor's] discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *without prejudice*. The plaintiff's attention is directed to the important notice on the next page.

                                          s/ Kevin F. McDonald
                                          United States Magistrate Judge

January 4, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).