IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Leon Charley, ) | Civil Action No.: 5:16-3901-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| Rene Williams, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Timothy Leon Charley ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff has brought suit alleging his constitutional rights were violated, and is seeking monetary and punitive damages, an apology, and any other relief the court deems proper. (ECF No. 1.) This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.

On January 4, 2017, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice. (ECF No. 9.) Plaintiff filed objections (ECF No. 17) to the Report on January 17, 2017.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court must make a *de novo* determination of those portions of the Report, or specified proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the Report or may recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must

"only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). De novo review is also "unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In reviewing these pleadings, the Court is mindful of the plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

Plaintiff filed objections (ECF No. 17) to the Report, which the Court has carefully reviewed.[1] Plaintiff specifically objects to the Magistrate Judge's finding that Plaintiff failed to plead a cognizable § 1983 claim because in order to do so a plaintiff must demonstrate both that he was deprived of a federal right and that the person depriving that right did so under color of state law. (*Id.* at 2.) Plaintiff insists that he *was* deprived of his right to file a petition for a writ of habeas corpus, and that the person depriving him *was* acting under color of state law, because his appeal from a State Circuit Court order denying and dismissing his third application for post-conviction relief was dismissed by the Supreme Court of South Carolina. (*Id.* at 2-3; ECF No. 17-1.) Plaintiff's objections seek to bolster the

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

permissibility of his § 1983 claim, and apparently add a new legal theory that his constitutional rights have been violated because the State Courts' refused to consider his third PCR application. All of this has nothing to do with the reasons why Magistrate Judge McDonald recommended that Plaintiff's claims be dismissed.

The Court finds that the Report fairly and accurately summarizes the facts and applies the correct principles of law, and the Court agrees with the analysis of the Magistrate Judge. Plaintiff has not stated a cognizable § 1983 claim pursuant to the U.S. Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), because he is seeking to recover damages for allegedly unconstitutional conviction, imprisonment, or other harm whose unlawfulness would render his conviction or imprisonment invalid, without having first shown that his conviction or sentence has been invalidated. *Id.* at 486-87. The case that Plaintiff cites for the proposition that *Heck* does not apply here, *Johnson v. Freeburn*, 29 F. Supp. 2d 764 (E.D. Mich. 1998) (*see* ECF No. 17 at 2-3), is entirely inapplicable to the facts and claims at issue, and merits no further discussion.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, and after *de novo* review, the Court overrules Plaintiff's objections, and adopts and incorporates by reference the Magistrate Judge's Report.  Accordingly, this action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 9, 2017
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.